**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

NOELIA ESTHER VALDES                                Case No.  24-10078-LMI

Debtor.                                                             Chapter   12

_____/

### DEBTOR'S RESPONSE TO SECURED CREDITOR'S MOTION TO DISMISS CHAPTER 12 CASE, DOCKET ENTRY 13.

COMES NOW THE DEBTOR, Noelia Esther Valdes, by and through undersigned counsel, files this Response to the Secured Creditor's Motion to Dismiss Chapter 12 Case (DE 13), and states as follows:

1. On January 4, 2024, Noelia Esther Valdes ("Debtor") filed a voluntary petition pursuant to Chapter 12 of the Bankruptcy Code.
2. The Debtor list two (2) real properties on Schedule A; 1) 2.8 Acre Farmsite, aka 11901 SW 45th Street, Miami, FL 33175 ("Farmsite"), and, 2) Single Family Property, aka 741 SW 98th PL Cir, Miami, FL 33174, ("Investment Property").
3. U.S. Bank Trust, NA, c/o Selene Finance, ("secured creditor'), holds a security interest in the Debtor's Investment Property.
4. On February 5, 2024, secured creditor e-mailed undersigned debtor's counsel to offer the debtor a Loan Modification Agreement and request that the debtor file a Motion to Approve the Loan Modification Agreement with the Bankruptcy Court (email attached).
5. On February 5, 2024, the same day that secured creditor emailed undersigned counsel requesting debtor file a Motion to Approve the Loan Modification, secured creditor filed its Motion to Dismiss the instant Chapter 12 Case, DE 13, alleging debtor's bad faith in attempting to delay the inevitable foreclosure sale.
6. Furthermore, under paragraph 4 of its Motion to Dismiss, secured creditor misrepresents to this Court that it filed, and was granted a Motion for Relief from Stay in debtor's previous case.
7. Secured creditor never filed a Motion for Relief in debtor's previous case, instead that Court granted the Debtor's Motion for Referral to Mortgage Modification Mediation, which eventually led to this Loan Modification Agreement with the Secured Creditor (attached).

8. Despite requesting undersigned counsel to file a Motion to Approve the Loan Modification Agreement on February 5, 2024, and without prior notification, secured creditor filed its Motion to Dismiss Chapter 12 Case on the same day, alleging Debtor filed the instant case in bad faith in an attempt to delay the foreclosure sale.

WHEREFORE, Debtor respectfully requests that this Court deny the secured creditor's Motion to Dismiss the instant Chapter 12 Case, and grant the debtor such other legal and equitable relief to which she is justly entitled.

Dated: February 13, 2024

/s/ CM/ECF<br>
ARAMIS HERNANDEZ, ESQ<br>
-Attorney for Debtor-<br>
Florida Bar No. 0062205<br>
100 SE 2nd Street, Suite 2000<br>
Miami, Florida 33131<br>
Ph: 305.374.7744 Fax: 305.374.2224

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of this Motion was served on February 12, 2024 upon the following:

Sent Electronically to:

Robert C. Furr, Esq., Chapter 12 Trustee

Office of the US Trustee

ROBERTSON, ANSCHUTZ, SCHNEID, CRANE & PARTNERS, PLLC
Attorney for Secured Creditor, April Harriott, Esquire, aharriott@raslg.com

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 910(d)(1) and (2).

Date: February 13, 2024

/s/ CM/ECF
ARAMIS HERNANDEZ, ESQ
-Attorney for Debtor-
Florida Bar No. 0062205
100 SE 2nd Street, Suite 2000
Miami, Florida 33131
Ph: 305.374.7744 Fax: 305.374.2224
Aramis@miamilegalcenter.com

**From:** Aramis Hernandez aramis@miamilegalcenter.com 📎
**Subject:** Re: BKY 24-10078 / RAS 19-258494 / Mesa aka Valdes / Loan modification
**Date:** February 6, 2024 at 5:08 PM
**To:** Vard Chamesian varchamesian@raslg.com
**Cc:** Can Guner cguner@raslg.com, Giselle Velez gvelez@raslg.com, Janet Gorr jangorr@raslg.com, Dena Eaves deaves@raslg.com

Hello Ms. Chamesian,

Please refer to the attached executed Loan Modification Agreement. The original will be mailed directly to your client, Selen Finance, thank you.

Please send me the final executed copy (Bank signature) so I can file the Motion to Approve the Loan Modification w/ the Bankruptcy Court.

Noelia Valdes
Loan M...ion.pdf

Thank you,
Aramis Hernandez, Esq.
www.MiamiLegalCenter.com
Tele 305.374.7744. Fax.305.374.2224
100 SE 2nd Street, Suite 2000
Miami, Florida 33131

> On Feb 5, 2024, at 1:05 PM, Vard Chamesian <varchamesian@raslg.com> wrote:
>
> Good afternoon,
>
> Our firm represents Selene Finance in regards to the property located at 741 SW 98 Pl, Miami, FL 33174 and Bankruptcy case number mentioned above.
> Attached, please find the Loan Modification for this case. Please return all pages included in this package once executed (all pages – 2 sets of the final modification documents, including riders and/or agreements) within **10 days** of receipt to Selene Finance LP, 3501 Olympus Blvd., Suite 500, Dallas, TX 75019
>
> After signing, it would be most helpful if you would file the appropriate motion to have the modification approved by the Bankruptcy Court.
>
> If your client chooses not to sign the documents, please let us know.
>
> If you have any questions, please do not hesitate to contact us. Thank you for your assistance with this matter.
>
> Thank you,
> **Ms. Vard Chamesian**
> Paralegal
> **Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
> 13010 Morris Rd., Suite 450
> Alpharetta, GA 30004
> Phone: (470) 321-7112 x 52281
> Fax: (404) 393-1425



ORDERED in the Southern District of Florida on July 21, 2023.

*Corali Lopez-Castro*
**Corali Lopez-Castro, Judge**
**United States Bankruptcy Court**

___

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 23-11241 CLC |
| | Chapter 13 |
| NOELIA ESTHER VALDES | |
| _____Debtor(s)_____/ | |

**Order Granting Debtor's Verified Ex Parte Motion for Referral to**
**Mortgage Modification Mediation**

This matter came before the Court upon the Attorney-Represented Debtor's Verified Ex Parte Motion for Referral to Mortgage Modification Mediation ("Ex Parte Motion") filed on July 19, 2023 in accordance with this Court's Mortgage Modification Mediation ("MMM") program procedures and regarding Debtor's real property located at 741 SW 98 PL Cir., Miami, FL 33174, (street address) and the mortgage on this property held by  US Bank Trust National Association/Selene. ("Lender").

Page 1 of 9
MMM-LF-02 (rev. 04/03/23)

It is **ORDERED** as follows:

1. The Ex Parte Motion is granted. The Lender may seek reconsideration of this Order by filing a written motion on or before 14 days after entry of the Order. If a timely motion for reconsideration is filed, the Court will promptly schedule a hearing in accordance with Local Rule 9073-1. In the event a motion for reconsideration is timely filed, all deadlines set forth in this Order shall be suspended pending resolution of the motion, but all other provisions shall remain in effect.

2. The Debtor and Lender are required to participate in Mortgage Modification Mediation ("MMM") in good faith. MMM shall be concluded not later than 150 days from the date of the Order, unless extended by written consent on the approved Mortgage Modification Mediation Portal ("MMM Portal"), by stipulation of the parties or by court order.

3. All communications and information exchanged during MMM conference are subject to the provisions of Federal Rule of Evidence 408.

4. All written communication between the parties regarding the mediation must be sent through the approved portal ("MMM Portal") only, unless otherwise ordered by the Court. Any litigated matters incidental to the mediation shall be considered as separate matters and not subject to the portal communication requirement.

5. The Lender (and Lender's counsel, if any) shall register with the MMM Portal, unless already registered, within seven days after entry of this Order, and designate its single point of contact and outside legal counsel, if any.

If the Lender fails to register, the Debtor may file a motion with the Court seeking sanctions against the Lender for Lender's failure to register.

6. Lender's counsel or representative shall have the authority (within the investor's guidelines) to settle and will attend and continuously participate in all MMM conferences in this case.

7. Debtor's attorney shall, within seven days after the filing of Debtor's Notice of Selection of Mortgage Modification Mediator (or Notice of Clerk's Designation of Mortgage Modification Mediator), or after confirming that the Lender is registered on the MMM Portal, whichever occurs later, remit to the MMM Portal the required non-refundable MMM Portal submission fee in the amount $60.00, and upload to the MMM Portal the following (collectively, the "Completed Package"):

    (a) Debtor's loan modification package (prepared using the Document Preparation Software);

    (b) a copy of this Order; and

    (c) any additional lender-specific information identified by Lender on the MMM Portal.

8. The Lender shall, within seven days after Debtor's delivery of the "Completed Package", acknowledge receipt of Debtor's information and advise Debtor of any additional or missing information required for Lender to proceed with its review.

9. In the event the Lender requires additional or missing information to consider the Debtor's requested mortgage modification options as specified in the Ex Parte Motion, the Lender shall so notify Debtor through the MMM

Portal within seven days of Debtor's submission ("Notice"). The Debtor shall provide all additional documents through the MMM Portal within seven days of the Notice.

10. The Lender shall timely underwrite the loan modification request.

11. If the Lender transfers the loan, the Lender must provide a copy of the Order to the new holder of the loan ("Successor Lender"), and the Successor Lender will be obligated to comply with all terms of this Order.

12. **PROCESS FOR SELECTION OF MEDIATOR:**

    (a) The parties shall have 14 days from the date of this Order to select a mediator. If the parties agree on the selection of a mediator, the Debtor shall file the MMM Local Form "Debtor's Notice of Selection of Mortgage Modification Mediator" (Check Box 1 and insert mediator name and contact information), serve a copy of the notice on all required parties, and file a Certificate of Service pursuant to Local Rule 2002-1(F).

    (b) If the Lender fails to communicate with the Debtor within the 14 day period established for the mediator selection process, the Debtor shall, within seven days, independently select a mediator and file the "Debtor's Notice of Selection of Mortgage Modification Mediator" (Check Box 2 and insert mediator name and contact information), serve a copy of the notice on all required parties, and file a Certificate of Service pursuant to Local Rule 2002-1(F). In this instance, it shall be deemed that the Lender has waived the right to challenge Debtor's selection of a mediator.

MMM-LF-02 (rev. 04/03/23)

    (c)    If the parties attempt to reach agreement on the selection of a mediator, but fail to do so, the Debtor shall file the "Debtor's Notice of Selection of Mortgage Modification Mediator" (Check Box 3 indicating an impasse), serve a copy of the notice on all required parties, and file a Certificate of Service pursuant to Local Rule 2002-1(F). The clerk shall then randomly select a mediator from the clerk's Mediation Register pursuant to Local Rule 9019-2(B)(3), without the necessity of a hearing. The clerk shall serve notice of the mediator selection on the required parties using the MMM Local Form "Notice of Clerk's Designation of Mortgage Modification Mediator". Local Rule 9019-2(B) shall apply to any challenge to the clerk's designation of mediator.

13.    Debtor's attorney shall assign the mediator as the mediator in this case on the MMM Portal within seven days after designation.

14.    The mediator shall:

    (a)    be governed by the standards of professional conduct set forth in the Florida rules for certified and court-appointed mediators and shall have judicial immunity in the same manner and to the same extent as a judge;

    (b)    subject to paragraph 15 below, be compensated in the amount of $600.00 for preparation for MMM, execution of required documents, facilitation of document and information exchange between the

parties, and participation in no more than two one-hour MMM conferences.

(c) be compensated at the rate set by this Court's Local Rule 9019-2(6) for any MMM conferences that extend beyond the initial two one-hour conferences.

15. The mediator's fee shall be paid equally by the parties as follows:

(a) ☒ The Debtor shall pay a non-refundable fee in the amount of $400.00 directly to the mediator within seven days designation of the mediator; **OR**

☐ The Court finds that the Debtor qualifies for a mediator *pro bono*. The mediator shall notify the Court and the Debtor immediately by motion if the mediator is not willing to serve *pro bono* and state in the motion to be excused from *pro bono* mediation, the reasons why the mediator seeks to be excused.

(b) The Lender shall pay a non-refundable fee in the amount of $400.00 directly to the mediator within seven days after designation of the mediator.

(c) The mediator's fee for MMM conferences that extend beyond two, one-hour conferences, shall be paid equally by the parties (unless the Debtor is receiving pro bono mediation, in which case the Lender shall pay its half) and is due and payable at the beginning of each successive MMM conference in accordance with the program procedures.

16. The mediator shall log in to the MMM Portal within seven days after designation and use the MMM Portal to facilitate any additional exchange of information or documentation between Debtor and Lender in an effort to perfect the documents needed for Lender to complete its analysis of Debtor's mortgage modification mitigation options.

17. If the mediator either fails to timely register or log in to the MMM Portal to begin to facilitate the MMM process, any party to the mediation may file a motion requesting that the mediator be removed from this case and, if applicable, be removed from the clerk's Mediation Register.

18. **MEDIATION CONFERENCE:**

    (a) The mediator shall schedule the initial MMM conference no later than seven days after determining that the Lender has received and reviewed all requested information. In the event the mediator cannot determine that the Lender has received all the requested information, the mediator shall schedule the initial MMM conference within 90 days of this Order. The initial MMM conference shall not exceed one hour. The mediator shall report the scheduling of all MMM conferences on the MMM Portal.

    (b) The Lender and Lender's representative may participate in the MMM conference by telephone.

    (c) The Debtor and any co-obligors/co-borrowers or other third party may participate in the MMM conference by telephone provided they are physically present with Debtor's attorney and present

               identification to Debtor's attorney counsel during all MMM conferences.

(d)   Debtor shall provide a foreign language interpreter, if necessary, at the Debtor's own expense.

(e)   All parties attending the MMM conference must be ready, willing and able to sign a binding settlement agreement at the MMM conference and have the ability to scan, send and receive documents by facsimile, email or other electronic means at the time of the MMM conference.

19.   In the event the parties are unable to reach an agreement and require an additional MMM conference, the mediator shall schedule a final MMM conference no later than 30 days thereafter. The final MMM conference shall not exceed one hour.

20.   In the event the parties reach a final resolution or, if no agreement has been reached, the mediator shall report the results of the MMM on the MMM Portal not later than seven days after the conclusion of the final MMM conference. The mediator shall also complete and file with the Court, either conventionally or via CM/ECF, the MMM Local Form "Final Report of Mortgage Modification Mediator", within two business days following entry of the final report data on the MMM Portal.

21.   If applicable, Debtor's attorney shall file the MMM Local Form "Ex Parte Motion to Approve Mortgage Modification Mediation Agreement with Lender", no later than 14 days following the filing of the Final Report and upload the MMM Local Form "Order Granting Motion to Approve Mortgage

Modification Mediation Agreement with Lender" to the Court's E-Orders program. The parties shall also seek any necessary Court approval and formalize any required legal documents in a timely fashion thereafter.

22. The automatic stay is modified to the extent necessary to facilitate MMM pursuant to this Order.

23. [For chapter 7 debtors] Notwithstanding that the Debtor may be eligible for entry of a discharge before the MMM process is completed, the Court shall delay issuance of the discharge until either an agreement is reached or the parties reach impasse as reflected in the Local Form "Final Report of Mortgage Modification Mediator".

24. Any of the deadlines imposed by this Order may be extended by order of the Court.

25. If any parties or counsel fail to comply with the terms of this Order, the Court will consider a motion to vacate the Order and may also impose sanctions.

26. The Debtor's attorney shall serve a copy of this Order on all parties to the mediation, immediately upon receipt. Service shall be by regular U.S. Mail, electronic service, or email, if the party's email address is known.

### 

Copies furnished to:

Jorge L. Suarez, Esq. Attorney for the Debtor, 225 Alcazar Ave., Coral Gables, FL 33134

Keith Labell, Esq. Counsel for the Creditor, 6409 Congress Ave., Suite 100 Boca Raton, FL 33487

MMM-LF-02 (rev. 04/03/23)